appeal 1047 from 1009. Good morning Mr. States, welcome. Thank you Judge. May it please the court. Not quite a year ago, the Chicago Mercantile Exchanges Council stood before me in a United States District Court, and they addressed many of the arguments that are in the briefs that I presented to this court, and they said, in an unfortunately ephemeral moment of candor, they are right. What they have asked for, you should do. And the District Court would have no problem. What's your point? That there is a stop today from arguing something to the contrary? Not that there is a stop, Judge. There isn't? But there should be. They admitted what the intent was underlying the bottom of that stipulation. So what if they did? What impact does that have on our decision in this appeal? Judge Castillo was called upon to determine what was the intent underlying the party's contract, if you will, the stipulation. That intent can come from two sources, Mr. Garber and the Mercantile Exchange. And when both parties to a contract tell the court what their intent is, he cannot divine a contrary intent from his own mind or somewhere else. And it was as plain as a pipe stack that that's exactly what was intended by all of the factors in this case. Isn't your argument that the July 2008 order was void because the case was over as of December 8, 2004? Isn't that your argument? That's right, Judge. There was no jurisdiction after December 8, 2004. The filing of the stipulation itself defested the court of jurisdiction. Let me ask you about that. The stipulation itself had two conditions, one of which is that the court would enter the following order, which wasn't done. So perhaps the stipulation failed because it was drafted with a condition that didn't happen. Judge, that wasn't a condition at all. It was the form of boilerplate term that accompanies on occasions every filing, that the case would be dismissed without prejudice and without tuss. And the courts, time and time again, have said the fact that a litigant or a district court mistakes the fact that there's some necessity to have an order to memorialize it doesn't make that order anything more than a superfluous nullity for jurisdiction purposes. On what basis do we decide that? We can assume, I think, that the district judge thought it was an 8-2 rather than an 8-1. In other words, he thought it wasn't voided. Do we owe him some deference in terms of that decision? On what basis do we review that? Did he lose his discretion in concluding that it was an 8-2 issue and not an 8-1 issue? Judge, respectfully, the district court made no findings at all, essentially. Well, at the end of the day, implicitly, if it were expedient, I mean, he rejected your motion for reconsideration that was based on the fact that this is an 8-1 issue. He obviously must have thought at some point he had jurisdiction. He was continuing to issue orders. So we can't assume that he thought the judgment was not void, that he had lost jurisdiction? We can't assume that? I'm sorry, Judge, I didn't mean to interrupt. I don't think that we can assume anything. There was this sort of cryptic and cursory order that this court has decried in the Decker case and the Seventh Circuit, most assuredly, has refused to abide with this district judge. Well, if he thought he didn't have jurisdiction, how on earth would he have continued to issue orders? Judge, my sense in terms of what occurred back then is that the district court itself did not receive a copy of the stipulation that was filed with the clerk of the court because that's how those stipulations are filed. And it was a springing dismissal because he had sort of set the progress in motion much earlier. We can speculate all we want, but at the end of the day, we have this record. He made the decision. Humanly, for a moment. Except the fact that, let's just say explicitly, he said, I have jurisdiction because this was under A2 and not A1. On what basis would we review that? Judge, you would review that for an abuse of discretion because all that is is a conclusory finding that this court said in the Decker case there has to be some elucidation so that we can determine why it is that you've come to some conclusion. For example, Judge, you should address the fact that of what impact to the intent is it that the mercantilist said, yes, this is what we intended on August 5th. How do you get away from the concession that the thing made to you? How about an evaluation of the statute, the structure of the statute? How about an evaluation of the cases that say when there's a stipulation involved, it's 41A1, not 41A2. Those are among the six dozen cases cited in my brief, none of which were responded to in the answering brief. But if you look at the statute, there's only one part of it that involves stipulations, and it's 41A1. If the parties cannot stipulate, says the Seventh Circuit, then you go to 41A2. 41A1 says the plaintiff may dismiss an action without a court order, but the stipulation supposedly presumes a court order. Was that simply a mistake? I believe that it was just a superfluous mistake because the order itself tracked the stipulation. It wasn't something that said to the court, Judge, we ask that you dismiss this case. Pursue it to whatever terms you think are appropriate, and we'll give you a plaintiff order. And then you decide if you want to do it. That wasn't the case at all. The proof of the pudding that the Mercantile Exchange intended what they said they intended about eight months ago was that on December 8th, 2004, they filed the Markman brief that day.  You talk about this record, and there are facts going both ways. That's true. On the other hand, they will get up and tell us that you showed up at the court on December 15th and that that demonstrates that you thought that there was still something that was going to happen. That demonstrated nothing other than respect for a court in the event the case might be called, in the event the court might not have learned of the stipulation, so as to not leave the district court wondering, where are these folks? So that what could be explained if there was a question is, this is what occurred. But that wasn't conduct that suggested a 41A2 dismissal. When we moved to vacate that order roughly a year ago, it was very clear in the motion that we had said that the stipulation was bound pursuant to 41A1. The response of the Mercantile Exchange didn't say, they've cited the wrong rule. That wasn't the rule pursuant to which we pursued it at all. It was 41A2. There wasn't a tape about that rule. Well, correct me if I'm wrong, but in this case, when you finally got before the judge again, didn't you wait until the motion for reconsideration to raise the 41A1 issue? That's not one that you raised as a preliminary matter. Well, we raised the rule in the preliminary motion. We thought that it was a clerical error. And then it became clear from the judge's comments, and they speak for themselves, that it wasn't a clerical error, that that's what the judge was intending to do based on the tardiness of it. So given that construct, we went back for reconsideration and said, if that's the problem, you should know that jurisdictionally under 41A1, timing is irrelevant. It doesn't matter if it's 10 years after the fact. And that's when the exchange government said, they're right. They're right. You've cited cases. What's the closest case you have in the Seventh Circuit? Do you have a case in the Seventh Circuit that involves such a case as this,  I think I've cited cases where they've talked about the orders being superfluous. I don't have the names in my hand. But I think maybe the closest case is the Potter case decided by Judge Posner, where there was a motion to dismiss under 41A1, or a motion to dismiss, captioned rather than a notice. A motion, as you hear that word, would ask for the permission of the district court. Judge Posner said, this rule or these rules are not about errant technicalities. This was advocacy of 41A1 dismissal, and let's decide these cases based on the substance, not the technicalities of the language in the motion itself. Here there was no confusion about the language, because the document was titled, a stipulation, the exact word used in A1, not in A2. Precisely. There was no ground of confusion. There was no ambiguity. And that's why there should have been no difficulty in vacating the order that the exchange agreed should be vacated. But the district court wants to vacate it. It seems like the decisive issue here, as brought out by my colleagues, boils down to whether A1 is self-executing or not. If it is, then you win. If it requires judicial action, then you don't win, because we know that no judicial action granting a motion or entering such an order ever occurred. So what's your authority for the proposition that a stipulation under A1 is self-executing the minute it's filed? Judge, all of those cases are cited in our brief, I believe, at about page 45, at the moment of our funding. They were all cited to the district court. There was nothing cited to the court to the contrary whatsoever. But case after case says precisely that, Judge, that they are self-executing, that that ends the case right then and there. Anything that happens thereafter, there's an order entered, as courts do. It doesn't matter. It doesn't change anything. Did the defendants sign that motion as of December 8th, 2004? They did, Judge. It was filed, signed by all parties. Then isn't your best argument that that necessarily makes it a 41A? Absolutely, Judge. And the cases themselves are cited in page 41A2. It doesn't deal with stipulation. Not at all. Not at all. And the cases that we've cited for the propositions I'm talking about are pages 49 and 30 of the case. And they say when that stipulation is filed, that ends it. Is this case still before the Seventh Circuit? Judge, I filed a request three weeks ago that the case be transferred here. There's no point in having two. The answer is yes. The answer is yes, Judge. I apologize. And there's no point in having two, except that in your blue brief on your statement of related cases, you never mentioned the Seventh Circuit case. Don't you think the Seventh Circuit case is a related case to this one? It is, Judge. But obviously, if this court determines and it is your determination to make that you have jurisdiction, that's it. If you determine that you don't, then under 1631, you can and I think should transfer it back to the Seventh Circuit. But I think that all are agreed that this court has jurisdiction. And we are not going to run back to the Seventh Circuit. Why did you file first to the Seventh Circuit? Judge, because it was my apprehension that since this was purely a procedural issue, it wouldn't have anything to do with patent law. But the case was based on a patent issue. That's right, Judge. But this was a procedural issue, and that was my mistake. And so then when the Seventh Circuit alerted us to that prospect, we then filed this notice of appeal with this court to protect their rights. They never dismissed the case. Just to move on to another point, you're also asking under Rule 36 to transfer. If you were to prevail on the arguments you made to us today, what is left to do on remand? There is just the remand with the order for, I think, the vacature of the orders that were jurisdictionally void. Now, you have sought to reserve eight minutes for rebuttal. You're now down to three minutes and a few seconds. Do you want to take the rest of it? Thank you. I think the point you made is a point I'm going to have to dispute to win this case, which is if this was a pure stipulation, under 41A1, we lose. And I don't think there's any question about it. We need challenges below. We agree with that, because all the cases say that if you have a pure stipulation, But you're candor becomes you. under 41. Well, we tried to be candor below. We're candor here. It never helps to try and fool anybody. This never works. Quite right. We believe, however, that although it was captioned as stipulation, it was clearly conditional. But more than being captioned, you signed it, didn't you? Yes, we signed it. We signed a document called a stipulation, but a stipulation that had a condition in it. Why do you say it's a condition? I didn't see language of conditionality. The condition in the stipulation called for the entry of an order by the court. I understand it called for the entry of the order, but it didn't make the stipulation conditional on that. More than that, it said that the court may and should. May and should. But not conditional. Well, the point is, let's take a little historical point in time. There had been two previous stipulations for dismissal in this case, both under 41A1. At the time of those stipulations, the plaintiff had been represented by counsel. At the time of our stipulation, as is shown by the record in the case, his counsel had withdrawn. The court had entered an order stating that the court was going to dismiss the case on, I believe, the 15th of December, if a new counsel was not present. We, as lawyers, were dealing with an individual at that point. The point of the stipulation was to get an actual order from the court so that it never should be challenged that an unrepresented party was taking advantage of it. And the stipulation actually asked that the court enter an order saying that it's based on the record in this case and everything is read and fulfilled. That all would be fine if the stipulation had been worded to say, we jointly stipulate to this case being closed if the court will so order. If it had been worded in that sort of fashion, you'd have a good point. But in the absence of any such language of conditionality, I don't see how you can support your position. Well, the question, looking at the stipulation, it asked for an order that was to be based on the stipulation, but also based on the files, records, and proceedings. Herein, the court being fully advised, is what the order submitted said. And it is correct that there are cases, none of which were relied on here by counsel, that state that a stipulation, which we needed in this case to dismiss, you needed some form of mutual stipulation since there had been counterclaims in the absence of the counterclaims. A mutual stipulation that was conditional, which we believe this was, requires that the condition be satisfied before the stipulation is passed. Of course, if there's a condition, the condition has to be satisfied, and the document is meaningful. But where do we see any indication that you are assigning a stipulation only on the condition of a subsequent court order? It's a very short stipulation, so there's not much argument I can make besides the fact that we said in the stipulation it was to be effective upon the execution of the court order. No, it doesn't say that. Show me some language that says any such thing. There's nothing in there about when it becomes effective. And that the court may and should enter the following order. So it's two parts with an and. Yeah, but it doesn't say ineffective only when the order is signed. No. Is it your position that even though it says it should enter the following order, it also says it should be dismissed? In other words, the stipulation doesn't say the complaint is hereby dismissed, as the rule would apparently allow. Is it your view that the should be is just as conditional as the should enter the following order? It's our view that the conjunctive use of the and in the sentence requires both parts. Both of which are shoulds. Both of which are shoulds. Which is different from does hereby or requires. It's different from the case is hereby dismissed by reason of this stipulation, which is the way the other stipulation is read under 421A1, the case is dismissed. And if the second should is just precatory but not a requirement, then the first should is in coed as well. Yes. So what would we do if we agree with you? Is this like a contract interpretation case? A statutory interpretation case? Are we supposed to have parole evidence? Is this to the party's intent? Do we defer to the district court? Where does that leave us? Yes. This stipulation, conditional stipulation, went to the district court. The district court clearly read it as a conditional stipulation. How do we know the district court read it at all? It's never mentioned in any order or minute order by Judge Castillo. We know it was entered into the docket at the time it was filed. I agree with that. It shows up on the docket. It was filed with the clerk's office. But don't you have to agree that there's nothing articulated by the trial judge that shows he was aware it even existed? I agree that there's nothing in the record articulated by the trial judge. How does one dismiss a complaint under 41A1A? Plaintiff may dismiss an action without a stipulation of dismissal. Is that done by saying we hereby dismiss or we ask the court to dismiss? No, you don't have to ask the court to dismiss under 41A. As I say, 41A1 is self-executing. If there hasn't been a counterclaim or answer filed, plaintiff only has to do is file a notice with the clerk. The case is over. There's nothing else the judge can do. If the parties have an unconditional stipulation after a counterclaim or answer has been filed, I agree. You file that, the case is over. You just notice it, and the case is over. In this case, I don't believe we did it. I don't know. I was there at the time. Well, you must have thought the case was over. You didn't file your brief on December 8th. No, no, no. There was a briefing scheduled on December 8th. We knew two things. One, the judge had already directed, had entered an order that he was going to dismiss on December 15th if he did not get new counsel. We knew he did not get new counsel because we had negotiated with him this conditional stipulation. One way or another, this case was going to be dismissed without prejudice at the next hearing. So, there had already been a brief filed by the Board of Trade, a response on Martin. There was just no sense in filing something at this point for a case that was going. So, I don't really think that counsel's argument really works very well, and you save me from making the other argument. They didn't show up at court on the 15th, which to me indicates not respect, but that they thought the case was still going forward. Well, it's a very unfortunate series of events because you have long delay and a suit that now may revive. The fact that it's very unfortunate from your standpoint doesn't give us any power to do anything other than apply Rule 41 on its terms. No, I agree, Your Honor. We haven't made an argument for sympathy or anything else. Our argument is strictly that this stipulation, which was entered into with an unrepresented party, was not a 41A1 stipulation. It was conditional, and that's what was done at the time. That's what the court believed. We think the court is entitled to deference. It did see what was going on here. It did have a chance to reconsider. It reconsidered all these arguments. This may be a terrible lawsuit. This may be a frivolous infringement claim for all I know. But the inconvenience to your client or possible frivolity of the lawsuit doesn't equip us to provide any kind of relief to you. No, I understand, but I'm not asking for relief on that basis. We need to ask the court in our briefs. This is strictly a question. If we're persuaded that it was a conditional stipulation, you win. If we conclude it's not conditional, it seems to me you absolutely win. I agree. It's not a fight that I want to have, Your Honor. You point out that the other party was unrepresented at the time, and obviously you're a well-staffed law firm. Who wrote this stipulation? Which lawyer wrote it? Which side wrote it? Oh, I assume our side wrote it, Your Honor. That's what we would assume, too, because Mr. Garber would not probably be expected to use such lawyer-like language. Yes, I know, Mr. Garber, he would not be expected to use that language. I think we understand your position, and we'll look carefully at the language. Thank you, Your Honor. Thank you, Mr. State. We've got a few minutes to revoke. You don't need to repeat anything. Hold on, Judge. Mr. Garber was represented by a non-patent lawyer who drafted the stipulation. Well, you say represented, but not somebody who had entered an appearance in the case. That's right, Judge. But the author of the stipulation in the motion was a man named Peter Schaefer. And that's why, to the extent there's an argument that the language used in this was different from the earlier 41A1 dismissal, that seems to me to hold no weight. The argument about the reference to the files and the reference to the proceedings and hereby, that's the kind of formalism that all the courts have rejected in this scenario, especially Judge Posner and the Potter case. The briefing schedule as to Markman hadn't been suspended as of December 8th, not at all. And if one has a sort of deference in regard to the district court that appears to be arguing these briefs, you would at least ask the judge, what should we do? Can we be relieved from the schedule given what is to occur? But that didn't happen. You have a much simpler position. Your position is that stipulation signed by both parties was self-executing, end of case. That is my position, Judge. And you know what? If it was any different than that, where was the Mercantile Exchange eight months ago? Where were these conditions eight months ago when they said Mr. Stage is right? The attempts to back off that stipulation or that concession are reminiscent of Alice's Tea Party within Manhattan. Thank you. Let's go into literary attacks. We'll take the appeal on the advisory.